IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ROBIN NEAL, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 11-017-SLR ) |
| MARIE SCHEIB, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 5th day of April, 2011;

IT IS ORDERED that the claims against Marie Scheib and Frank Reimbold are dismissed as frivolous, pursuant to 28 U.S.C. § 1915, and that plaintiff may proceed against Genesis Healthcare, for the reasons that follow:

1. **Background.** Plaintiff Robin Neal ("plaintiff") filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, alleging employment discrimination by reason of religion. She appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by

mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Title VII prohibits discrimination in employment based on race, color, religion, sex, or national origin. *Brown v. General Servs. Admin.*, 425 U.S. 820, 825 (1976) (citing 42 U.S.C. §§ 2000e-2, 2000e-3). Title VII, however, only prohibits an "employer" from engaging in discrimination. *See* § 2000e-2. Hence, individual employees are not liable under the statute. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir.

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

1996). Accordingly, the court will dismiss the Title VII claims against individual defendants Marie Scheib and Frank Reimbold.

7. **Conclusion.** For the above reasons, the claims against Marie Scheib and Frank Reimbold are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The court has identified what appear to be cognizable and non-frivolous claims within the meaning of 28 U.S.C. § 1915 against defendant Genesis Healthcare and plaintiff may proceed with the claim.[2]

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), plaintiff shall complete and provide to the Clerk of Court **an original "U.S. Marshal-285" form for defendant as well as a copy of the complaint**. (D.I. 2) Plaintiff is notified that the United States Marshals Service ("USMS") will not serve the complaint until a complete USM-285 form has been received by the Clerk of Court. **Failure to provide the USM-285 form and copy of the complaint within 120 days from the date of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2. Upon receipt of the form required by paragraph 1 above, the USMS shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, and a "Return of Waiver" form upon the defendant so identified in the 285 form. All costs of service shall be advanced by the United States.

---

[2]Plaintiff originally named as a defendant Hillside Nursing Home. On January 11, 2011 she amended defendant's name to Genesis Healthcare. (D.I. 4)

-4-

3. For each defendant who does not return an executed "Waiver of Service of Summons" form within thirty (30) days from the date that the "Notice of Lawsuit" and "Return of Waiver" forms were sent, plaintiff must complete a summons and submit the completed summons to the Clerk of Court for issuance. Plaintiff shall also provide to the Clerk of Court completed, original "U.S. Marshal-285" form(s) as set forth in paragraph 1. and copies of the complaint for service. Upon issuance of the summons by the Clerk of Court, the USMS shall personally serve said defendant and said defendant shall be required to bear the costs related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

4. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the petition within **sixty (60) days** from the date upon which the petition, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

_____
UNITED STATES DISTRICT JUDGE